RIO GRANDE & E. P. RY. CO. v. J. H. RUS-
SELL & SON et al.   (No. 6229.)

(Court of Civil Appeals of Texas.   San Antonio.
May 22, 1919.)

1. TRIAL ☞252(7)—REQUESTED INSTRUCTION
—EVIDENCE TO SUPPORT.

Refusal of instruction requested by initial
carrier in suit by shipper as to the act of God
in destroying the cabbage shipped was not error,
where the decayed condition of the cabbage was
not traced to low temperature, and there was no
fact sustaining such a theory.

2. TRIAL ☞194(15)—REQUESTED INSTRUCTION
—WEIGHT OF EVIDENCE.

Refusal of instruction requested by initial
carrier in suit by shipper for shipment of cab-
bage damaged as to time of shipment required
from S. in Texas to S. in Missouri was proper;
such charge being directly upon the weight of
the evidence, which was a matter for the jury.

3. TRIAL ☞252(7)—REQUESTED INSTRUCTION
—EVIDENCE TO SUPPORT.

In suit by a shipper for cabbage damaged,
refusal of instruction asked by initial carrier as
to the freezing of the cabbage was not error,
where there was no evidence tending to show
that the cabbage had frozen.

4. APPEAL AND ERROR ☞742(5)—ASSIGN-
MENT OF ERROR—INSTRUCTIONS.

An assignment of error, in a suit by a ship-
per against carriers for a shipment of cabbage
damaged, to a certain paragraph of a charge,
which does not show what such paragraph con-
tained and is not followed by any statement as
to what such paragraph contained, cannot be
considered on appeal.

5. CARRIERS ☞187—ACTION FOR INJURIES TO
GOODS — CONNECTING CARRIER — DIRECTION
OF VERDICT.

It was not error for the court, in a suit by
a shipper for damages to a shipment of cabbage,
to instruct a verdict in favor of a connecting
carrier, where there was no evidence of negli-
gence on the part of such connecting carrier.

Appeal from District Court, Webb County;
J. F. Mullally, Judge.

Action by J. H. Russell & Son and others
against the Rio Grande & Eagle Pass Rail-
way Company, to which defendant made the
International & Great Northern Railway
Company and other connecting carriers par-
ties, and prayed for judgment over against
them for any sum recovered.   Judgment for
plaintiffs against defendant, the initial carri-
er, for $980, and in favor of such initial car-
rier against the St. Louis, Iron Mountain &
Southern Railway Company for $490, and
against the Missouri Pacific Railway Com-
pany for $490, and defendant appeals from
the part thereof holding it liable.   Affirmed.

A. Winslow, of Laredo, for appellant.
John L. Dannelley, of Laredo, for appel-
lees.

FLY, C. J.   This is a suit instituted by
J. H. Russell & Son, who will be identified as
appellees, against appellant, to recover $1,820,
damages to a car of cabbage which was ship-
ped by appellees from Simon, Webb county,
Tex., to St. Louis, Mo.   Appellant was the
initial carrier, and made its connecting car-
riers, the International & Great Northern
Railway Company, the Texas & Pacific Rail-
way Company, the St. Louis, Iron Mountain
& Southern Railway, and the Missouri Pa-
cific Railway Company, parties to the suit,
and prayed for judgment over against them
for the damages that might be recovered by
appellees.   The Texas & Pacific Railway Com-
pany was dismissed from the suit by appel-
lant, and upon the verdict of a jury the court
rendered judgment against appellant in fa-
vor of appellees for $980, and in favor of
appellant as against the St. Louis, Iron
Mountain & Southern Railway Company for
$490, and in favor of appellant for $490 as
against the Missouri Pacific Railway Compa-
ny.   No complaint is made of that part of
the judgment last named against the two
railway companies, but this appeal is per-
fected by appellant as against all the other
parties, except the Texas & Pacific Railway
Company.

The car of cabbage was delivered by appel-
lees in good condition, and six days thereaft-
er was delivered at St. Louis in a decayed
condition.   Appellees refused to receive them,
and the cabbage were sold by the Missouri
Pacific Railway Company for $250.   It was
shown that the cabbage should have been
transported to St. Louis in four days.   It
was shown that the damage to the cabbage
was caused by improper opening and closing
of ventilators and delay in transportation.
No negligence was shown on the part of the
Internationl & Great Northern Railway Com-
pany.

The first assignment of error complains of
the dismissal of the International & Great
Northern Railway Company from the suit.
The railway company was not dismissed
from the suit by the court, but a verdict
was rendered in favor of it by the jury, and
upon that verdict a judgment was rendered
against appellant in its action against the
International & Great Northern Railway
Company.   The court instructed a verdict in
favor of the railway company; there being
no evidence of negligence against it.

The second assignment of error states that
the court erred in overruling an objection to
the first paragraph of the charge, because
the fourth paragraph is multifarious and im-
poses too great a burden on appellant, and
because the fifth paragraph instructed a ver-
dict for the International & Great Northern
Railway Company.   There is but one prop-
osition, and that refers to the objection to
the fifth paragraph and is answered by the

conclusion that there was no evidence of negligence on the part of the International & Great Northern Railway Company. What is contained in the first paragraph of the charge, to which alone the objection was urged, does not appear from the brief.

[1] The charge requested, the refusal of which is complained of in the third assignment of error, on the subject of the act of God destroying the cabbage, was not supported by the testimony. The decayed condition of the cabbage was not traced to low temperature of the weather, and appellant makes no effort to point out any fact sustaining such a theory.

[2] The charge, the rejection of which is assailed in the fourth assignment of error, was directly upon the weight of the evidence, and was properly refused. A witness for appellant swore that six days was good time for a shipment to St. Louis from the starting point, but a witness for appellees swore that such shipment should have made the journey "not later than the fourth day from the day of shipment." The court could not assume that the witness for appellant was to be credited. That was a matter for the jury.

[3] The charge was properly refused, the refusal of which is complained of in the fifth assignment of error. There was no evidence tending to show that the cabbage had frozen.

[4] The sixth assignment of error does not show what the fourth paragraph of the charge contained, and neither is it shown by any statement following the assignment. It is overruled.

[5] There being no evidence of negligence on the part of the International & Great Northern Railway Company, it was not error to instruct a verdict for it. This disposes of the seventh assignment of error, and the eighth assignment is fully met by our conclusions of fact. While in the seventh assignment of error complaint is made of an instruction in favor of the International & Great Northern Railway Company, in the eighth it is stated there was no evidence of negligence against either of the connecting lines.

The judgment is affirmed.

COBBS, J., entered his disqualification in this case.